1114

## Manuel GONZALES v. STATE.
### No. 15670.

Court of Criminal Appeals of Texas.
Oct. 19, 1932.

Frank E. Smith, of Abilene, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

HAWKINS, J.

Conviction is for murder; punishment assessed being five years in the penitentiary.

Appellant has filed in this court his affidavit to the effect that he desires to withdraw his appeal, and in compliance with such request the appeal is dismissed.

## Chestene HANCOCK v. STATE.
### No. 15664.

Court of Criminal Appeals of Texas.
Nov. 9, 1932.

Mathis & Mathis and R. G. Allen, Jr., all of Houston, for appellant.

O'Brien Stevens, Dist. Atty., and E. T. Branch, both of Houston, and Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

The offense is burglary; penalty assessed at confinement in the penitentiary for two years.

Neither bills of exception nor statement of facts accompany the record.

In the motion for new trial, appellant complains of some arguments charged to have been made. The complaint, however, is not supported by any bills of exception.

No error having been perceived, the judgment is affirmed.

HAWKINS, J., not sitting.

## Roy HENDERSON v. STATE.
### No. 15517.

Court of Criminal Appeals of Texas.
Oct. 12, 1932.

J. H. H. Dennis, of Wharton, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CALHOUN, J.

The offense, extortion; the punishment, confinement in the penitentiary for ten years.

Affidavit in proper form has been filed by appellant asking this court to dismiss his appeal.

The motion is granted, and the appeal dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## Buddy HOARD v. STATE.
### No. 15622.

Court of Criminal Appeals of Texas.
Oct. 19, 1932.

N. D. Heaton, of Dallas, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

The offense is aggravated assault; penalty assessed at confinement in the county jail for a period of sixty days.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.